# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 1, 2010

No. 09-40828
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALBERTO MATA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-1435-1

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alberto Mata appeals his conditional guilty plea conviction and sentence for possession with intent to distribute more than 100 kilograms of marijuana. As part of his plea agreement, Mata specifically reserved the right to appeal the denial of his motion to suppress approximately 155 pounds of marijuana that was seized from inside a nearby house. On appeal, Mata argues that there were no exigent circumstances justifying the warrantless entry of the house and that there was no evidence of danger to justify a protective sweep of the interior. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40828

also argues that the inclusion of the marijuana found inside the house significantly increased his statutory sentencing exposure.

Whether exigent circumstances existed is a factual finding reviewed for clear error. *United States v. Maldonado,* 472 F.3d 388, 392 (5th Cir. 2006). In evaluating exigent circumstances, we consider "the appearance of the scene of the search in the circumstances presented as it would appear to reasonable and prudent men standing in the shoes of the officers." *United States v. Rodea,* 102 F.3d 1401, 1405 (5th Cir. 1996). When reasonable minds may disagree, we will "not second guess the judgment of experienced law enforcement officers concerning the risks of a particular situation." *United States v. Menchaca-Castruita*, 587 F.3d 283, 290 (5th Cir. 2009) (internal quotation marks and citation omitted). We conclude that the district court did not clearly err in finding the existence of exigent circumstances based on the risk of destruction of evidence inside the house and the need to protect the agents and others from persons who might be hiding inside. We also conclude that the district court did not clearly err in finding that agents had a "reasonable, articulable suspicion" that a person posing a danger to the agents might be inside and that this suspicion justified a protective sweep of the premises. *See United States v. Mata*, 517 F.3d 279, 286 (5th Cir. 2008).

Mata's sentencing argument is premised on his primary argument that the district court erred by denying his motion to suppress. Because we find that the district court did not err in denying his motion to suppress, the marijuana found inside the house was properly considered in determining Mata's sentence.

AFFIRMED.